**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GREGORY T. WILSON, | : | |
| Plaintiff, | : | Case No. 3:20-cv-2272 (BRM) (ZNQ) |
| v. | : | |
| PHILIP D. MURPHY, et al., | : | **OPINION** |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Gregory T. Wilson's ("Plaintiff" or "Wilson") civil rights complaint removed by Defendants from state court. Presently pending is Defendants' motion to dismiss the complaint for failure to state a claim (ECF No. 7) and Plaintiff's request for a temporary restraining order ("TRO")/preliminary injunction (ECF No. 13). For the following reasons, Defendants' motion to dismiss is **GRANTED**, and the Complaint is dismissed with prejudice in part and without prejudice in part. Plaintiff's request for a TRO/preliminary injunction is **DENIED**.

**I.  BACKGROUND**

The allegations of Plaintiff's complaint are construed as true for purposes of deciding Defendants' motion to dismiss. Plaintiff is a state inmate incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey.[1] (*See* ECF No. 2-1 at 4.) He names as Defendants the following individuals: (1) Governor Philip D. Murphy; (2) Marcus O. Hicks – Commissioner of New Jersey Department of Corrections ("NJ DOC"); (3) Bettie Norris – Deputy Commissioner of

---

[1] Plaintiff filed his complaint on behalf of himself and others "similarly situated." However, Plaintiff makes clear he is proceeding solely on his behalf individually and not trying to proceed this case as a class action.

NJ DOC; (4) Bruce Davis – Administrator of NJSP; and (5) David Richards – Associate Administrator of NJSP.

Plaintiff's Complaint centers upon what will become of his body upon his death. Pursuant to state regulations cited by Plaintiff, if his deceased body is unclaimed by next of kin upon his death, the responsibility of respecting his religious burial rights is left to NJ DOC. (*See* ECF No. 2-1 at 13.) Plaintiff follows the Islamic faith. (*See id.* at 12-13.) Plaintiff submitted his last will and testament to NJ DOC which indicates his Islamic faith and its religious tenants do not permit cremation. (*See id.* at 38.) Plaintiff is concerned this religious burial belief will not be followed by NJ DOC upon his passing. He claims Defendants, by their policies and customs, have: (1) deprived Plaintiff from being free from cruel and unusual punishment; (2) deprived Plaintiff of equal protection and due process under the law; and (3) violated public policy and Plaintiff's First Amendment rights. He seeks to enjoin Defendants from denying Plaintiff his right to practice his religion by being buried in a fashion that comports with his religious beliefs.

Plaintiff filed his complaint in New Jersey Superior Court in late 2019. In March 2020, Defendants removed Plaintiff's complaint to this Court. (*See* ECF 1.) In April 2020, Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 7.) Plaintiff filed a response in opposition to the motion to dismiss (*see* ECF No. 12), and Defendants filed a reply. (*See* ECF No. 16.) Additionally, Plaintiff separately filed a request for a TRO/preliminary injunction. (*See* ECF No. 13.) This request relates to purported interference with Plaintiff's mail, not Plaintiff's underlying concern in his complaint about his burial. Defendants filed a response in opposition to the request for a TRO/preliminary injunction (*see* ECF No. 15), and Petitioner filed a reply. (*See* ECF No. 18 & 19.)

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is 'not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted

3

inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan v. Allian*, 478 U.S. 265, 286 (1986).

A court conducts a three-part analysis in analyzing a motion to dismiss pursuant to Rule 12(b)(6). *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* Additionally, it is worth noting that "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

## III.   DISCUSSION

Defendants make several arguments in their motion to dismiss; most notably:

1. Plaintiff lacks standing and/or the case is unripe.
2. Plaintiff fails to state a cause of action under the Eighth and Fourteenth Amendments of the United States Constitution and under Article 1, Sections 1 and 12 of the New Jersey Constitution.
3. Plaintiff fails to state a cause of action under the First Amendment.

4. Plaintiff's assertion that a portion of the New Jersey Administrative Code is void for vagueness fails in light of his admitted notification to NJ DOC of his last will and testament.[2]

The Court will address each in turn.

### A. Standing/Ripeness

Defendants first argue the entire complaint should be dismissed because Plaintiff lacks standing and/or the complaint is unripe. New Jersey Administrative Code § 10A: 16-7.5 is at the heart of this case and states as follows:

> (a) In accordance with internal management procedures, when an inmate's body is determined to be unclaimed or the next of kin has indicated an unwillingness or inability to claim the body of an inmate, the appropriate correctional facility staff member shall arrange for the burial or cremation. The county medical examiner's office shall be contacted for assistance in such cases.
> (b) An unclaimed body shall be cremated where it is reasonably believed that it would not violate the religious tenets of the deceased inmate.
> (c) The Social Security Administration, Veteran's Administration and Public Welfare shall be contacted by the correctional facility for any possible death benefits.
> (d) Money remaining in the account of a deceased inmate may be used for burial or cremation expenses.

N.J. Admin. Code § 10A:16-7.5. As noted, Plaintiff is concerned his burial will not conform to his Islamic beliefs, notably no cremation. Defendants assert Plaintiff lacks standing because he has pled no facts to indicate his next of kin will not claim his body upon his passing. Therefore, according to Defendants, Plaintiff fails to allege § 10A:16-7.5(b) will even apply to Plaintiff.

---

[2] As described *infra*, Plaintiff's complaint is being dismissed in its entirety for failure to state a claim. Accordingly, this Court will not address Defendant Murphy's argument the claims against him solely should be dismissed because of Plaintiff's failure to allege a "special relationship" to the regulation at issue for purposes of judicial economy as it only affects one of the five named defendants.

Standing requires a plaintiff demonstrate that he or she has "(1) suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 341 (D.N.J. 2003). When a plaintiff seeks prospective injunctive relief, he or she must show a "real and immediate threat of injury in order to satisfy the injury in fact requirement." *Id.* at 342; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 103-104 (1983).

Plaintiff attaches his last will and testament to his complaint which has been received by NJ DOC. (*See* ECF No. 2-1 at 37-40.) As previously noted, this Court can consider exhibits attached to the complaint in analyzing a motion to dismiss. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196 (3d Cir. 1993). Plaintiff specifically acknowledges there are no living relatives which need be notified upon his passing. (*See* ECF No. 2-1 at 37.) Relying on this document attached to Plaintiff's complaint, this Court rejects Defendants' argument Plaintiff fails to plead next of kin will not claim his body upon his death.

Nevertheless, Defendants also argue Plaintiff lacks standing because he has provided his will to NJ DOC, which acknowledged its receipt. Therefore, according to Defendants, Plaintiff has failed to allege a real and immediate threat to satisfy the injury in fact requirement. According to Defendants, there is no indication NJ DOC will not follow through on Plaintiff's burial wishes to conform with his Islamic faith – namely no cremation. This Court agrees with Defendants. Plaintiff alleges in his Complaint (albeit in conclusory fashion) inmates who follow Islam have been cremated. However, he does not allege inmates who follow Islam who die, and who have also submitted a specific document indicating their religious faith proscribes cremation, have been

cremated by NJ DOC. Accordingly, the complaint can be dismissed due to a lack of standing for failure to plead an injury in fact.

### B. Eighth Amendment

Despite Plaintiff failing to properly allege an injury in fact, and for purposes of completeness, this Court will also address many of the other arguments raised in Defendants' motion to dismiss. Plaintiff alleges in Count One of his complaint Defendants have deprived him from being free from cruel and unusual punishment under the Eighth Amendment.

The Eighth Amendment requires prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991). Therefore, "the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference." *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (quoting *Farmer*, 511 U.S. at 837).

Plaintiff's complaint does not state he has been deprived of the minimal civilized measure of *life's* necessities. Indeed, his complaint involves what will happen to his body when he is already deceased. Accordingly, he fails to state a cruel and unusual punishment claim under the Eighth Amendment as the allegations do not touch upon a *life* necessity.

Plaintiff also attempts to bring a claim under Article I, Section 12 of the New Jersey Constitution within Count One of the Complaint. That provision of the New Jersey Constitution states as follows:

> Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and unusual punishments shall not be inflicted. It shall not be cruel and unusual punishment to impose the death penalty on a person convicted of purposely or knowingly causing death or purposely or knowingly causing serious bodily injury resulting in death who committed the homicidal act by his own conduct or who as an accomplice procured the commission of the offense by payment or promise of payment of anything of pecuniary value.

N.J. Const. art. I, ¶ 12. Article I, Section 12 is interpreted analogously to the Eighth Amendment, *See Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012). Accordingly, Plaintiff also fails to state a claim under that provision of the New Jersey Constitution for cruel and unusual punishment. Therefore, for the foregoing reasons, Plaintiff's Eighth Amendment and New Jersey Constitution Article I, Section 12 claims as stated in Count One of the Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

### C. First Amendment

Plaintiff next asserts Defendants have violated his right to practice his religion under the First Amendment. (*See* ECF 2-1 at 20.) The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. "'Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion." *DeHart v. Horn,* 227 F.3d 47, 50 (3d Cir. 2000) (en banc) (quoting *O'Lone v. Shabazz,* 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L.Ed.2d 282 (1987). Nevertheless, "[t]he mere assertion of a religious belief does not automatically trigger First Amendment protections, however. To the contrary, only those beliefs

8

which are both sincerely held and religious in nature are entitled to constitutional protection." *Id.* at 51.

Plaintiff identifies as a practitioner of Islam. "The Free Exercise Clause of the First Amendment is violated when the government has 'placed a substantial burden on the observation of a central religious belief or practice' and no 'compelling governmental interests justifies the burden." *Torres v. Davis,* 506 F. App'x 98, 101 (3d Cir. 2012) (quoting *Hernandez v. Comm''r,* 490 U.S. 680, 699, 109 S. Ct. 2136, 104 L.Ed.2d 766 (1989); *see also Chavis v. United States,* No. 14–2578, 2014 WL 3547851, at *5 (D.N.J. July 17, 2014). "In order to establish a substantial burden, [a plaintiff] must . . . allege state action that is either compulsory or coercive in nature." *Anspach ex rel. Anspach v. City of Phila. Dep't of Public Health,* 503 F.3d 256, 272 (3d Cir. 2007) (citing *Lee v. Weisman,* 505 U.S. 577, 621, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992)) (remaining citations omitted).

Plaintiff fails to sufficiently allege his First Amendment free exercise rights will be violated. Indeed, he set forth in his will in receipt by NJ DOC Islam does not permit cremation. There is no indication or facts stated with any facial plausibility which allege NJ DOC has placed a substantial burden on the observation on one of Plaintiff's central religious beliefs. Indeed, the Administrative Code specifically states an unclaimed deceased inmate will only be cremated when it is only *reasonably believed* it would not violate the inmate's religious beliefs. Plaintiff has made clear in his will to NJ DOC cremation would violate his religious beliefs. Accordingly, Plaintiff fails to state a First Amendment free exercise claim.[3] This claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[3] This Court does not construe the complaint as containing any claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA")

### D. Fourteenth Amendment

Plaintiff next attempts to bring a claim against the Defendants for violating his Fourteenth Amendment rights.

> The elements of a substantive due process claim are (1) the deprivation of a fundamental property interest, *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000); and (2) governmental deprivation of that property interest in a manner that is arbitrary or shocks the conscience. *See United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003) ("'[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)) (internal quotations omitted)).

*Harmon v. Sussex Cty.,* No. CV 17-1817-RGA, 2019 WL 4344635, at *6 (D. Del. Sept. 12, 2019), *aff'd*, 810 F. App'x 139 (3d Cir. 2020).

Plaintiff fails to allege facts related to the deprivation of a fundamental right. Plaintiff submitted his will to NJ DOC. There are no allegations stated with any facial plausibility that NJ DOC will cremate Plaintiff in violation of his Islamic faith given this knowledge by NJ DOC. Accordingly, Plaintiff's allegations fail to allege a Fourteenth Amendment violation. This claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

### E. Article 1, Section 1 of New Jersey Constitution

In Count Three of his complaint, Plaintiff asserts his right to fundamental fairness has been offended by Defendants. Plaintiff expressly relies on Article 1, Section 1 of the New Jersey Constitution in support of this claim. That section states as follows:

> All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.

N.J. Const. art. I, ¶ 1.

Defendants do not expressly address in the body of their motion to dismiss whether Plaintiff has sufficiently stated a claim under this state constitutional section. Nevertheless, pursuant to this Court's screening powers under 28 U.S.C. § 1915A, this claim can be analyzed by this Court *sua sponte* to determine whether Plaintiff has sufficiently stated a claim.[4] As at least one court in this District has aptly noted:

> The standard for an equal protection claim under the U.S. Constitution is analogous to the standard for an equal protection claim under the New Jersey Constitution. Article I, paragraph 1, of the New Jersey Constitution provides: "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." Although the term "equal protection" does not specifically appear in the New Jersey Constitution, Article I, paragraph 1 has been interpreted to confer an analogous right to that available under the Fourteenth Amendment of the U.S. Constitution. *Secure Heritage, Inc. v. City of Cape May*, 825 A.2d 534, 545 (N.J. Super. Ct. App. Div. 2003) (citing *Doe v. Poritz*, 662 A.2d 367 (N.J 1995)).

*Davis v. New Jersey Dep't of Corr.*, No. 17-6898, 2018 WL 4179462, at *7 (D.N.J. Aug. 31, 2018). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Therefore, to state a claim under the Equal Protection Clause, a plaintiff must allege: (1) he is a member of a protected class; and (2) he was treated differently from similarly situated inmates. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and

---

[4] The legal standard for dismissal under 28 U.S.C. § 1915A is the same as under Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

11

intentional discrimination to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Prison inmates in and of themselves though are not members of a protected class. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class).

As a practitioner of Islam, Plaintiff is a member of a protected class. *See Allison v. New Jersey Transit Corp.*, No. 12-2493, 2014 WL 6474088, at *4 (D.N.J. Nov. 19, 2014) (citing *Saunders v. Apothaker Assocs., Inc.*, No. 10-3170, 2012 WL 1332602 (D.N.J. Apr. 17, 2012)). As best this Court can extrapolate from the complaint with respect to trying to allege differences in treatment, Plaintiff alleges:

> There are many docketed cases of those of the Jewish faith, Christian faith, and Islamic faith, who died in custody under the New Jersey Department of Corrections with no one to claim their bodies, and their bodies were cremated, or their organs were removed for medical research, as opposed to a proper funeral according to their religious tenants. . . .
>
> If we go back a decade (10-years) we will discover a large number of inmates who have died in custody in the State of New Jersey, whose bodies were not claimed by family members were cremated as opposed to a proper funeral according to that persons religious affiliation.

(ECF No. 2-1 at 11, 12.)

The complaint fails to state an equal protection claim in at least two respects. First, the allegations assert other deceased inmates from non-Islamic religions also faced instances where they were cremated contrary to their religious beliefs. By so alleging then, Plaintiff alleges other religions were treated no differently than practitioners of Islam. Furthermore, if one were to extend

12

the "protected class" to all religious persons whose religious beliefs outlaw cremation, the allegations still fail to state an equal protection claim. Indeed, Plaintiff does not allege that atheists and/or agnostics are not cremated.

Furthermore, and perhaps more importantly, Plaintiff does not allege with any facial plausibility inmates who have *expressly* stated their religious beliefs outlaw cremation to NJ DOC (as Plaintiff has in this case through his will) are in fact cremated by NJ DOC if no next of kin collect their remains. Accordingly, for these reasons, Plaintiff has failed to allege similarly situated inmates are treated differently. Therefore, he does not properly state an equal protection claim under the New Jersey Constitution. This claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**F. Vagueness**

Plaintiff also appears to claim N.J. Admin Code § 10A:16-7.5(b) is unconstitutionally vague. To reiterate, the regulation states: "[a]n unclaimed body shall be cremated where it is reasonably believed that it would not violate the religious tenets of the deceased inmate." N.J. Admin Code § 10A:16-7.5(b). Plaintiff asserts "reasonably believed" in the regulation is too ambiguous and full of uncertainty.

As explained by the United States Court of Appeals for the Third Circuit:

> In a void-for-vagueness challenge, we must ensure that a statute or standard is fair in that it is not so vague that a party would not know what conduct is prohibited. *San Filippo v. Bongiovanni,* 961 F.2d 1125, 1136 (3d Cir.1992). Thus, a statute is unconstitutionally vague when "men of common intelligence must necessarily guess at its meaning." *Broadrick,* 413 U.S. at 607, 93 S. Ct. 2908 (quoting *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926)). The inquiry is completed on a case-by-case basis, and the party opposing the statute or standard must show that it is vague as applied to him. *San Filippo,* 961 F.2d at 1136. In completing this analysis, it is important to note that, in the civil context, statutes need not be as precise as in the criminal context and

13

>are, therefore, less likely to be invalidated under a void-for-vagueness challenge. *Id.* at 1135.

*Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 166–67 (3d Cir. 2008).

The regulation is purportedly vague as argued by Plaintiff because members of his religion and others have been cremated against their respective religious faiths. However, Plaintiff fails to indicate whether these inmates *expressly* notified NJ DOC (through a will for example) about their religious beliefs as it relates to cremation. Plaintiff admits his will was submitted and received by NJ DOC. The document includes Plaintiff's statement that he is a member of the Islamic faith which bars cremation. Given Plaintiff has taken advantage of providing NJ DOC with a will, and, more importantly, makes no allegation NJ DOC cremated deceased Islamic inmates who provide NJ DOC with such information in a submitted will, this Court finds the regulation is not void for vagueness as applied to and argued by Plaintiff.

### G. Request for TRO/Preliminary Injunction

Plaintiff has requested a TRO/preliminary injunctive relief seeking to prevent Defendants from interfering with his mail. (*See* ECF No. 13.) A preliminary injunction requires that a plaintiff demonstrate that (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988). Essentially the same standard applies to temporary restraining orders. *See Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999). As one court has aptly noted in this District:

>It is axiomatic that a preliminary injunction does not provide relief for a new or different claim than the claims in the complaint. *See, e.g., Bronson v. Houdeshell*, 2007 WL 1098962, at *1 (M.D. Pa. Apr. 11, 2007) (citing 43A C.J.S. Injunctions § 8 (1978)). Courts in this circuit have denied emergent relief when the "request for injunctive relief is [ ] targeted at potential conduct that bears no relation to his underlying claim." *Martin v. Keitel*, 205 Fed. Appx. 925, 929 (3d Cir. 2006); *see also Schwartz v. United States DOJ*,

14

> No. 06-5581, 2007 U.S. Dist. LEXIS 74608, 2007 WL 2916465 (D.N.J. Oct. 4, 2007) (denying injunctive relief because plaintiff failed to demonstrate that the "preliminary injunction relates to the subject-matter of the underlying complaint"); *Glazewski v. Corzine*, 2008 WL 2915482, at *1 (D.N.J. Jul. 25, 2008) (denying motion for a preliminary injunction where the nature of the claims were similar to those asserted in the underlying complaint but involved different defendants and different facilities).

*Malcolm v. Bray*, No. 19-11734, 2020 WL 1694604, at *2 (D.N.J. Apr. 7, 2020).

Plaintiff's complaint involves purported federal and state constitutional violations related to what will happen to his body when he is deceased. The circumstances concerning Plaintiff's mail involve potential claims and facts not related to the complaint. Accordingly, Plaintiff's request for a TRO/preliminary injunction is denied. Furthermore, given the complaint is being dismissed in its entirety, any request for preliminary injunctive relief is also not warranted at this time. *See, e.g.*, *Luellen v. Luellen*, No. 12-496, 2013 WL 1182958, at *5 n.9 (W.D. Pa. Mar. 21, 2013) (denying motion for preliminary injunction where complaint is dismissed in its entirety). It is also worth noting Plaintiff's complaint about purported interference with his mail has not prevented Plaintiff from responding to Defendants' motion to dismiss in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is **GRANTED**. Plaintiff's Eighth Amendment and New Jersey constitutional claim under Article 1, Section 12 are **DISMISSED WITH PREJUDICE** for failure to state a claim. The remainder of the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. To the extent Plaintiff could correct any of the deficiencies outlined in this opinion in a proposed amended complaint, he may do so by filing an all-encompassing amended complaint within thirty days. Plaintiff's request for a TRO/preliminary injunction is **DENIED**. An appropriate order will be entered.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**